IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DELSHON MARICE TYOUS, SR.                                                              PLAINTIFF

vs.                                    Civil No. 4:17-cv-04070

NANCY A. BERRYHILL                                                                     DEFENDANT
Acting Commissioner, Social Security Administration


**<u>MEMORANDUM OPINION</u>**

Delshon Marice Tyous, Sr. ("Plaintiff") brings this action *pro se* pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 4.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    <u>Background</u>:**

Plaintiff protectively filed his disability applications on May 18, 2007. (Tr. 10). In these applications, Plaintiff alleges he was disabled due to lower back pain and pain in his lower right leg. (Tr. 666). Plaintiff alleges an onset date of November 15, 2006. (Tr. 10). These applications were

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

denied initially and again upon reconsideration. (Tr. 45-48).

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 20-44). Plaintiff's first administrative hearing was held on February 18, 2009 in Texarkana, Arkansas. (Tr. 20-44). Thereafter, on May 21, 2009, the ALJ entered a fully unfavorable decision on Plaintiff's disability applications. (Tr. 7-19). The ALJ then entered two additional unfavorable disability determinations. (Tr. 372-402). Plaintiff sought review of those disability determinations, and the ALJ subsequently held two administrative hearings. (Tr. 261-339).

Thereafter, on November 17, 2016, the ALJ entered a fully unfavorable decision on Plaintiff's disability applications. (Tr. 240-253). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2011. (Tr. 246, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 15, 2006, his alleged onset date. (Tr. 246, Finding 2). The ALJ determined Plaintiff had the following severe impairment: left spinal stenosis. (Tr. 246-247, Finding 3). The ALJ, however, also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 248, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 248-251, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and determined they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC for the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can occasionally stoop, crouch, crawl and kneel; cannot climb ladders, ropes, or scaffolds; can occasionally climb stairs and ramps; is unable to balance on narrow or moving surfaces, but he is able to balance frequently on level surfaces; and cannot work in proximity to unprotected heights and

2

dangerous moving machinery.

*Id.*

The ALJ determined Plaintiff was thirty-three (33) years old on his alleged disability onset date. (Tr. 251, Finding 7). Such an individual is characterized as a "younger individual" under 20 C.F.R. § 404.1563(c) and 416.963(c). *Id.* The ALJ also determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 251, Finding 8).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined he was unable to perform any of his PRW. (Tr. 251, Finding 6). The ALJ did, however, determine Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 251-252, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ found Plaintiff retained the capacity to perform unskilled, light work such as work as a hotel housekeeper with 138,073 such jobs in the nation and cashier II with 823,360 such jobs in the nation. *Id.*

Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from November 15, 2006 through the date of his decision or through November 22, 2016. (Tr. 252, Finding 11). Thereafter, the ALJ entered a follow-up unfavorable decision, entitled "Amended Decision," adopting the same findings as were outlined in the November 17, 2016 decision. (Tr. 217-230). That Amended Decision was entered on April 26, 2017. *Id.*

Plaintiff requested that the Appeals Council's review the ALJ's unfavorable disability determination. (Tr. 216). On August 22, 2017, Plaintiff filed the present *pro se* appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 22, 2017. ECF No. 4. Both Parties

3

have filed appeal briefs. ECF Nos. 10-11. This case is now ready for decision.

2.     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See*

42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In his *pro se* appeal brief, Plaintiff alleges his case should be reversed and remanded because "[t]he previous decision is contrary to the facts and the law." ECF No. 10 at 1-4. Plaintiff raises no *specific* errors in the ALJ's disability determination. *Id.* The Court has reviewed the record and the appeal briefs entered in this case. Based upon that review, the Court finds no basis for reversing this case.

Importantly, the Court notes the ALJ stated the following regarding Plaintiff's impairments: "In addition, the claimant's symptoms were not debilitating as to preclude all work activity based on the lumbar spine MRI showing congenitally narrow spinal canal with mild stenosis and lumbar spine

x-rays showing minimal disc space loss at the L5-S1. Also, physical examination notes show that he had 5/5 muscle strength in all groups and no motor or sensory deficits." (Tr. 251). Based upon this determination, the transcript in this matter, and the ALJ's opinion, the Court finds Plaintiff has provided no basis for reversal in this case.

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 28th day of June 2018.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE